[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2010
JOHN LEY
CLERK

No. 09-12297
Non-Argument Calendar

_____

D. C. Docket No. 08-00458-CR-T-33-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLAVIO SUAREZ CARVAJAL,
a.k.a. Flavio Suarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Defendant appeals his 135-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel and for aiding and abetting to possess the same. Defendant contends that he should be sentenced as a minor participant and that the District Court made two errors in applying the sentencing guidelines. We see no reversible error; we affirm.

We review a district court's finding of fact for clear error. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). We review a district court's sentencing determination for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

In October 2008, Defendant was on a go-fast vessel in international waters off Colombia's coast. The United States Coast Guard saw the vessel and moved to intercept because the vessel had no indication of nationality or home port and was laden with multiple bales of cocaine. During the ensuing chase, the go-fast vessel's crew began to throw out cocaine and fuel. The Coast Guard disabled the vessel's engines with gun fire and arrested the crew. Defendant, a crew member, pleaded guilty.

At sentencing, Defendant argued that he was entitled to a downward adjustment in his offense level under USSG § 3B1.2(b) because he had a minor

2

role in the crime. The District Court rejected this argument and calculated a guideline range of 135-168 months. After considering the section 3553(a) factors, the District Court imposed a 135-month sentence.

We review a District Court's sentencing decision under a two-step process. We first look to see if the District Court committed a significant procedural error. If the sentence is procedurally sound, we then look to see if it is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

Defendant first argues that he is entitled to a downward adjustment in offense level under section 3B1.2(b) and that the District Court committed procedural error by not granting the downward adjustment. Defendant bears the burden of proof, by a preponderance of the evidence, that he had a minor role. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999)(en banc). In evaluating the Defendant's story, "the district court has considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002).

A district court first "measure[s] the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." De Varon, 175 F.3d at 945. A district court may then compare a defendant's role to other participants involved in the relevant conduct. Id. If Defendant's relevant conduct is the same

3

as his actual conduct, he "cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id at 941.

Defendant contends that his role in the enterprise was limited: that he was working as part of a larger drug smuggling operation, that he had no ownership interest in the drugs, and that he was not an organizer of the operation. Defendant was not charged with having an ownership interest in the drugs, with organizing the smuggling, or involvement in a larger conspiracy. Defendant was charged, convicted, and sentenced for importing 740 kilograms of cocaine. Defendant does not contend that he had a minor role compared to the other crew members. The District Court was within its discretion to refuse a minor role adjustment.

Defendant's second argument is that his sentence is substantively unreasonable despite the District Court's sentencing him to the lowest end of the guideline range.

Defendant contends that he presented several reasons to the District Court that he deserved a 70-month sentence and that the District Court did not address explicitly each issue the Defendant presented, preventing us from conducting a meaningful appellate review. This alleged failure, according to Defendant, is sufficient for us to reverse the District Court's ruling as substantively unreasonable.

4

When the District Court imposed the sentence, it stated that it had considered the advisory guidelines as well as the factors set forth in section 3553(a). A district court need not discuss every factor explicitly. United States v. Scott, 426 F.3d 1324,1329 (11th Cir. 2005). A sentence at the low end of the recommended guidelines is ordinarily expected to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The District Court has broad discretion to decide which section 3553(a) factors are compelling, and Defendant presented no information that would lead us to disturb the District Court's decision.

AFFIRMED.